UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X     Docket No.:
LEONARD KELLNER,

                                          Plaintiff,

            -against-

COUNTY OF NASSAU, PATRICK J. RYDER,            **COMPLAINT**
individually and in his official capacity, NASSAU
COUNTY POLICE OFFICER JOHN DOES #1-10
(fictitiously named), individually and in their official
capacities, and NASSAU COUNTY POLICE
DEPARTMENT,                                     **JURY TRIAL DEMANDED**

                                          Defendants.
------------------------------------------------------------------------ X

        Plaintiff LEONARD KELLNER, by and through his attorneys, The Russell Friedman Law

Group, LLP, complaining of Defendants COUNTY OF NASSAU, PATRICK J. RYDER,

individually and in his official capacity, NASSAU COUNTY POLICE OFFICER JOHN DOES

#1-10 (fictitiously named), individually and in their official capacities, and NASSAU COUNTY

POLICE DEPARTMENT, respectfully alleges as follows:

                           **PRELIMINARY STATEMENT**

        1.      This action is brought pursuant to the provisions of 42 U.S.C. §§ 1983 and 1985

for deprivation of Plaintiff's and other similarly situated persons constitutional rights, including,

the right to free speech, illegal search, seizure, harassment, intentional infliction of emotional

distress, intentional conversion of property and the depravation of his rights to keep and bear arms.

The claims include the illegal confiscation of Plaintiff's firearms by members of the Nassau

County Police Department and a conspiracy on the part of those persons to prevent the return of

said legally owned firearms to Plaintiff.

PF/D238352/FL2999

## JURY TRIAL DEMANDED

2.      Plaintiff demands trial by jury in this action.

## JURISDICTION AND VENUE

3.      This action arises under the 1st, 2nd, 4th, 5th and 15th Amendments of the United States Constitution, under 42 U.S.C. §§ 1983 and 1988.

4.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343(a)(1), (2) and (3), and upon pendent and ancillary jurisdiction.

5.      Venue lies in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## THE PARTIES

6.      Plaintive LEONARD KELLNER was and still is a resident of the County of Nassau, State of New York.

7.      Defendant, COUNTY OF NASSAU (hereinafter, "County"), is a municipal subdivision of the State of New York, duly existing by reason of and pursuant to the laws of the State of New York, with offices at One West Street, Mineola, New York 11501.

8.      Defendant PATRICK J. RYDER is and was the Nassau County Police Commissioner, County of Nassau, New York.

9.      Defendant, NASSAU COUNTY POLICE OFFICER JOHN DOES #1-10 (fictitiously named) (hereinafter, collectively "PO Does") are police officers who are being sued in their individual and official capacities and are employed by Defendant County. Upon information and belief, at all relevant times described herein, PO Does were acting under color of state law within the scope of their employment as police officers employed by Defendant County.

PF/D238352/FL2999

10.     Defendant, COUNTY OF NASSAU POLICE DEPARTMENT (hereinafter, "NCPD") is a subdivision and/or agency of Defendant County and has an office at 1460 Franklin Avenue, Mineola, New York 11501.

## FACTUAL BACKGROUND

11.     During 2017, Plaintiff and his then-wife, Maureen Allwright, were having matrimonial difficulties.

12.     On June 13, 2017, Plaintiff was served with divorce papers by his now ex-wife, Maureen Allwright, at his place of business in Great River, New York.

13.     Upon returning to his home on June 13, 2017, he noticed that all of his personal firearms were missing. It was later found out that his ex-wife had taken the guns, wherein she was ordered to return them to the possession of Plaintiff.

14.     Plaintiff, thereafter, surrendered his weapons to NCPD Officer McCaffery. NCPD Officer McCaffery did not provide a property voucher for the weapons.

14.     On or about February 20, 2019, the Honorable Catherine Rizzo signed an Order of Protection in favor of Plaintiff against his ex-wife, which expired on February 20, 2020. In retaliation of same, Ms. Allwright applied for an order of protection against Plaintiff on or about February 2019. All orders of protection have since expired at this point.

15.     Plaintiff and Ms. Allwright finalized the divorce on or about July 22, 2020. The parties agreed on the disposition of personal property pursuant to the divorce and executed a Stipulation of Settlement on September 13, 2019, which was incorporated into the Judgment of Divorce on July 22, 2020.

16.     Specifically, the Stipulation of Settlement that is incorporated into the Judgment of Divorce states that all of the firearms (handguns and rifles) shall be the sole property of the

PF/D238352/FL2999

registered party. In addition, the Stipulation of Settlement further provided that the possessory interest of all items not listed on the Stipulation of Settlement's schedule will remain in the possession of Plaintiff. As such, there is no legal impediment or other valid justification to prevent Plaintiff from regaining possession of the property he voluntarily vouchered with the NCPD 7th Precinct.

17. Plaintiff has/had a pistol license in the County of Nassau, State of New York since July 2010.

18. In October 2020, Plaintiff went to the 7th Precinct to inquire of the process to regain possession of the weapons that were in NCPD's possession. Plaintiff spoke with members of the 7th Precinct who advised him to write a formal letter in order to regain possession of the firearms.

19. Plaintiff has no legal impediment to serve as a basis for the denial of the return of his property that is in NCPD 7th Precinct's possession.

20. On December 9, 2020, Plaintiff wrote to NCPD 7th Precinct requesting the return of his weapons. To date, NCPD 7th Precinct has neither responded to Plaintiff's request nor returned said firearms.

21. On January 14, 2021, Plaintiff wrote to NCPD Inspector Massaro requesting the return of his weapons. To date, NCPD Inspector Massaro has neither responded to Plaintiff's request nor returned said firearms.

22. On February 22, 2021, Plaintiff wrote to NCPD Pistol Licensing Section requesting the return of his weapons. To date, NCPD Pistol Licensing has neither responded to Plaintiff's request nor returned said firearms.

PF/D238352/FL2999

23.     On information and belief, at some point NCPD Pistol Licensing suspended and/or revoked Plaintiff's license without notice to Plaintiff. NCPD Pistol Licensing did fail to notify and/or carry out an investigation in connection with Plaintiff's pistol license suspension.

24.     It is the policy and practice of Defendants to confiscate and unlawfully retain all firearms with regard to any domestic issue, whether such call is valid or not, even if there is there is no violence, no threats of violence, and no brandishing of weapons and, once confiscated, to prevent the return of such firearms on any pretense that can be imagined and either destroying said firearms or converting them to NCPD's use without compensation to the owner.

## COUNT ONE
### (Right to Free Speech)

25.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

26.     The First Amendment of the United States Constitution prohibits Congress and, through the Fourteenth Amendment, the States and subdivisions thereof from "abridging the freedom of speech."

27.     Defendants' policy of confiscating all firearms in the event of "notification of a volatile domestic situation" and "any domestic incident involving a licensee and police presence" even if the "incident" was only verbal and involved no threats of violence, constitutes a prior restraint on Plaintiff's freedom of speech in his own home and the free exercise thereof. It threatens the infringement of his constitutional right to keep and bear arms if he exercises his right of free speech in a loud manner or in any manner contrary to the wishes of any person in the domestic situation or in manners not desired by Defendants.

PF/D238352/FL2999

## COUNT TWO
### (Right to Keep and Bear Arms)

28.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

29.    The Second Amendment to the United States Constitution, which applies to the States and subdivisions thereof through the Fourteenth Amendment, provides "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."

30.    The above-described acts of Defendants ordering the confiscation of the firearms of Plaintiff, and actually confiscating same and failing to return same to their owner, abridged and infringed on the right of Plaintiff to keep and bear arms in violation of the U.S. Constitution Amendments II and XIV.

## COUNT THREE
### (Due Process)

31.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

32.    The Fifth and Fourteenth Amendments to the United States Constitution provide that no State shall deprive any person of life, liberty, or property without due process of law.

33.    The firearms confiscated by Defendants constituted private property that was lawfully possessed by Plaintiff pursuant to State and Federal law. Moreover, the manner in which Plaintiff kept, bore, and possessed such property was a liberty interest recognized by State and Federal law.

PF/D238352/FL2999

34. Further, New York State law requires a permit issued by the State to possess handguns, a type of firearm commonly used and possessed by the people for the purpose of self-defense in the home and elsewhere and for other lawful purposes. In confiscating Plaintiff's handguns and pistol license without cause, without any standards for guidance, without provisions for judicial review of the licensing officer's decision, with unlimited discretion on the part of the licensing officer, with no time limits on making any ruling or decision, Plaintiff has been denied due process of law.

35. In confiscating Plaintiff's rifles and shot guns (long guns) without cause, with no procedure for judicial review, without time limits to return said personal property, or show cause why they should not be returned, Plaintiff has been deprived of due process of law and in violation of the Order and Decision of this Court in *Razzano v. County of Nassau*, No. 07-cv-3983, reported 765 F. Supp. 2d. 176 (Feb. 28, 2011) that required at least a prompt post-deprivation hearing in such situations.

## COUNT FOUR
### (Search and Seizure)

36. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

37. The Fourth Amendment to the United States Constitution, which applies to the States through the Fourteenth Amendment, provides in part that "the right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated . . ."

38. Defendants, pursuant to "department policy", improperly entered Plaintiff's home and demanded that Plaintiff turn over to them all firearms, where upon, after threats of arrest and

PF/D238352/FL2999

criminal prosecution, Plaintiff, against his will and while under duress allowed said armed officers into his home and confiscate all firearms legally owned and possessed by Plaintiff. Such search and seizures were made without probable cause, with no evidence of any crime having taken place, and without a warrant.

39.    The above-described acts violated the rights of Plaintiff to be secured in his person and house against unreasonable searches and seizures in violation of U.S. Constitution Amendments IV and XIV.

## COUNT FIVE
### (Conversion)

40.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

41.    By the above acts, Defendants intentionally converted Plaintiff's property, valued in excess of one hundred thousand dollars ($100,000.00), to their and/or the Department's own use, to the detriment of Plaintiff, as a result of which Plaintiff is damaged in the above amount and is entitled to punitive damages in the amount of One Million Dollars ($1,000,000.00).

## COUNT SIX
### (Monell)

42.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

43.    Under the theory that, by creating, maintaining, enforcing, and/or applying the unconstitutional policy described herein, the County of Nassau is liable to Plaintiff under *Monell*

PF/D238352/FL2999

*v. Dept. of Social Services of City of New York*, 436 U.S. 658, 98 S.Ct. 2018 (1978) for the violations of the Constitutional Rights detailed herein, 42 U.S.C. §1983.

**WHEREFORE**, Plaintiff prays that the Court:

1.    Issue a temporary restraining order and preliminary and permanent injunctions:

(a)    compelling Defendants to return all firearms seized to Plaintiff forthwith;

(b)    ordering Defendants to cease and desist its policy of confiscation of all firearms and pistol licenses with regard to any domestic disturbance call except in cases where there is confirmed evidence of violence or threats of violence and incontrovertible evidence of danger of immediate and serious harm, or where a crime has been committed;

(c)    institute a procedure, in the event of confiscation, setting forth a reasonable deadline for the return of the firearms and pistol license to their owner (not more than ten days) and, if not returned by said deadline, a procedure for a hearing before a judicial officer as to the lawful reasons for retaining said firearms, with defendant having the burden of proof thereof.

2.    Render judgment against Defendants as follows:

(a)    on each Count in such sums as may be determined upon the trial of this action, including, but not limited to general damages, special damages, and punitive damages;

(b)    punitive Damages as to all Defendants for intentional conduct as described above;

(c)    for reasonable attorney's fees pursuant to 42 U.S.C. § 1988, together with

PF/D238352/FL2999

cost and disbursements; and

(d)    for such other and further relief as this Court may deem just and proper.


Dated: Garden City, New York
          July 14, 2021

Respectfully Submitted,
**THE RUSSELL FRIEDMAN LAW GROUP, LLP**
*Attorneys for Plaintiff, Leonard Kellner*

By:    /s/*Phillip H. Kim*
          Phillip H. Kim
          400 Garden City Plaza, Suite 500
          Garden City, New York 11530
          Tel: 516.355.9696
          pkim@rfriedmanlaw.com

PF/D238352/FL2999